**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6302**

JEROME MCBRIDE,

Plaintiff - Appellant,

v.

J. MOST; B. T. SCHROCK; B. OPEL; J. FARRIS; C. GILPIN; SGT. JANET M. PUFFENBERGER; WILSER; WARDEN FRANK B. BISHOP, JR.; J. BEAMAN; DAYENA CORCORAN; MR. WAYNE HILL; J. SCHMITT; JOHN DOE 11D; DEPUTY DIRECTOR ROBIN WOOLFORD; J. CUTTER; E. DOLLY; W. MULLER; J. JOHNS; G. WERNER; JEFF NINES; R. S. RODERICH; JOHN DOE, Headquarters Coordinator; F. TODD TAYLOR, JR.,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:20-cv-03002-GJH)

Submitted: July 20, 2021                    Decided: July 23, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jerome McBride, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome McBride seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to comply with a court order. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its final order on November 30, 2020.[1] McBride filed the notice of appeal on February 23, 2021.[2] Because McBride failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny McBride's pending appellate motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] We note that the pleadings McBride attempted to file following case closure did not toll the time for appealing the district court's November 30, 2020, order. *See* Fed. R. App. P. 4(a)(4). Moreover, the district court's "return pleading orders," entered on December 3, 2020, and January 26, 2021, respectively, are not final orders subject to appellate review. *See* 28 U.S.C. § 1291.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).